**BRITISH AIRWAYS BOARD and Compagnie Nationale Air France, Plaintiffs,**

v.

**The PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Defendants.**

**No. 76 Civ. 1276(MP).**

United States District Court, S. D. New York.

July 6, 1976.

William C. Clarke, New York City, and Covington & Burling, Washington, D.C., by Peter J. Nickles, Washington, D.C., for plaintiff British Airways Bd.

Rogers & Wells, New York City, by John A. Wells and Stephen R. Froling, New York City, for plaintiff Compagnie Nationale Air France.

Patrick J. Falvey, New York City, for defendant The Port Authority of N.Y. and N.J.

William D. Denson, New York City, for applicants for intervention Hempstead, Lawrence, Cedarhurst, Atlantic Beach, Check, Gottesman, and Warshavsky.

Nickerson, Kramer, Lowenstein, Nessen, Kamin & Soll, New York City, by Geoffrey M. Kalmus, New York City, for applicants for intervention Friends of the Earth, Inc., Metro Suburban Aircraft Noise Ass'n, Inc., Howard Beach Ass'n, Inc., Emergency Coalition to Stop the SST, Lewis, and Berman.

## MEMORANDUM

POLLACK, District Judge.

Several municipalities, organizations, and private individuals have moved to intervene in this action pursuant to Fed.R.Civ.P. 24(a), (b). For the reasons which appear hereafter, the motions are denied. Leave to renew the motions will be granted, however, on good cause shown.

Plaintiffs, two foreign airlines, seek declaratory and injunctive relief from the decision by the defendant Port Authority of March 11, 1976, which prohibited them from operating the Concorde supersonic jet aircraft at John F. Kennedy International Airport for six months. The applicants for intervention, who seek to join the suit as defendants, are entities and individuals who have an interest in the noise generated by the airport's operations, as a consequence of their location or residence in areas of Queens and Nassau Counties near the airport, and in environmental protection.[1]

### A. Intervention As of Right

Rule 24(a)(2), Fed.R.Civ.P., establishes a three-pronged test to assess a claim of intervention as of right. An applicant for such intervention must show that (1) he has "an interest relating to the property or transaction which is the subject of the action;" (2) he "is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest;" and (3) his interest is not "adequately· represented by existing parties."

The proposed intervenors have little difficulty meeting the first two of these criteria. As the town governments, residents, community groups and environmental organizations located next to the airport's runways, the applicants have a strong, palpable interest in avoiding the operation of an aircraft whose take-off noise levels may be considerably more intrusive than those of existing aircraft. This interest seems sufficient to constitute an interest relating to the instant lawsuit and to the Port Authority's decision to bar the plane temporarily.

Secondly, the outcome of this suit may well impair the would-be intervenors' ability to protect their interests; should the airlines prevail, not only would the Concorde be permitted to fly, but this Court's decision might immunize the Port Authority from any tort liability in a subsequent action brought by these applicants for intervention. Cf. Farmers Educ. & Coop. Union v. WDAY, Inc., 360 U.S. 525, 535, 79 S.Ct. 1302, 3 L.Ed.2d 1407 (1959).

The applicants for intervention stumble on the third prong of the Rule 24(a)(2) test, however, for there is no reason

---

1. The applicants for intervention are the Town of Hempstead, the Villages of Lawrence, Cedarhurst, and Atlantic Beach, Robert F. Check, Mona Gottesman, Herbert Warshavsky, Joseph R. Lewis, Carol Berman, the Friends of the Earth, Inc., Metro Suburban Aircraft Noise Association, Inc., Howard Beach Association, Inc., and the Emergency Coalition to Stop the SST.

to presume that the Port Authority will not vigorously and conscientiously defend the action which has been brought against it. Whether or not representation of an intervenor's interest by existing parties is to be considered inadequate hinges upon whether there has been a showing of "(1) collusion; (2) adversity of interest; (3) possible nonfeasance; or (4) incompetence." *United States v. International Business Machines Corp.,* 62 F.R.D. 530, 538 (S.D.N.Y.1974). No such showing has been made here.

While there may be an adversity of interests between the Port Authority and the proposed intervenors in some contexts, it is simply speculation to suppose that any such divergence in viewpoint is applicable on the facts of this case. The instant lawsuit will not resolve the merits of the supersonic aircraft, but simply the power and authority of a local airport to deny entry to a plane whose flights have been specifically approved by the federal government. The Port Authority would appear to have as great an incentive to safeguard the extent of its power from the instant challenge as would any of the proposed intervenors. The motions to intervene as of right must therefore be denied, although such denial shall be without prejudice to renewal in the event applicants can make a factual showing that the Port Authority is not vigorously litigating any aspect of the case. *See New York Public Interest Research Group, Inc. v. Regents,* 516 F.2d 350, 352 (2d Cir. 1975).

B. *Permissive Intervention*

The movants also seek to intervene pursuant to Rule 24(b). Judge Wyzanski has ably stated some of the factors which may affect the exercise of the district judge's discretion on such a motion:

It is easy enough to see what are the arguments against intervention where, as here, the intervenor merely underlines issues of law already raised by the primary parties. Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, objections, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair. Where he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention. *Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.,* 51 F.Supp. 972, 973 (D.Mass.1943).

This conclusion appears especially apposite to the instant case, for the applicants for intervention might well be tempted to focus their attention on the aspects of the Concorde's operations of greatest concern to them, as opposed to the narrow legal questions placed in issue by the pleadings in this action.

Accordingly, the motions to intervene are denied in all respects, though without prejudice to renewal upon good cause shown as discussed above. The applicants for intervention may participate in the case by submitting briefs as *amici curiae* if they wish to do so.

So Ordered.