714

TOWN OF NORTH HEMPSTEAD, the Council of Greater Manhasset Civic Association, an unincorporated association, the North Hills Preservation Committee, an unincorporated association, Muriel Koeppel, Katherine M. Rooney, Marilyn A. Hoffman, M. D., Col. Eugene Schuff, Mae Schuff, Lowell Kane, M. D., Richard Milgroom and Frederick Brown, M. D., Plaintiffs,

v.

VILLAGE OF NORTH HILLS, Nassau County Sewer District No. 2, Manhasset-Lakeville Water District, Frank Martucci, as Mayor of the Village of North Hills, Louis Foti, Teresa Shamscher, Edward Schumacher, and Frank O'Connor, as Trustees of and constituting the Board of Trustees of the Village of North Hills, Henry Cazalet, Arthur Gatehouse, George Bayer, Alexander Summers and Michael Tsontas, as members of and constituting the Board of Appeals of the Village of North Hills, Defendants.

No. 78 C 520.

United States District Court,
E. D. New York.

Dec. 19, 1978.

Winer, Neuberger & Sive by David Sive, New York City, Joseph A. Guarino, Town Atty., Town of North Hempstead, Manhasset, N. Y., for plaintiffs.

Jaspan, Kaplan & Levin, Garden City, N. Y., for defendants Village of North Hills, Foti, Shamscher, O'Connor, Cazalet, Gatehouse, Bayer, Summers and Tsontas, by A. Thomas Levin, Garden City, N. Y.

Molloy, Fletcher & Dunn, Manhasset, N. Y., for defendant Manhasset-Lakeville Water Dist., by John P. Dunne, Manhasset, N. Y.

Marshall, Bratter, Greene, Allison & Tucker, by James M. Bergen, Nicholas A. Robinson, New York City, John Francis Woog, Garden City, N. Y., for Martucci and Roslyn Pines, Inc., proposed intervenors-defendants.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This is an action brought by plaintiffs, the Town of North Hempstead, New York, two homeowners associations, and several residents of the Village of North Hills, to enforce various obligations they claim are imposed on the defendants by virtue of federal environmental laws. Their claim arises from the downzoning by the Village defendants of various parcels of land located in the Village of North Hills. This action comes before the court on the application of Frank Martucci[1] and Roslyn Pines, Inc. for an order permitting their intervention in this action as parties defendant pursuant to Rule 24(a), F.R.Civ.P. Martucci is the president and sole shareholder of Roslyn Pines, which owns a 29.1-acre tract of land in the Village, presently operated as the Renaissance Country Club, but which has been rezoned, pursuant to a resolution of the Village Board of Trustees, to permit the construction of six dwelling units per acre.[2] The application is opposed by plaintiffs only.

Rule 24(a)(2) provides as follows:

"Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Thus, Martucci and Roslyn Pines must make sufficient showing of each of three requirements: (i) an interest in the transaction or property; (ii) an impediment in protecting their interest because of the action; and (iii) inadequate representation of their interest by the named defendants. *Nuesse v. Camp,* 128 U.S.App.D.C. 172, 385 F.2d 694 (1967); *British Airways Bd. v. Port Authority of N. Y. &. N. J.,* 71 F.R.D. 583, 584 (S.D.N.Y.), aff'd, 556 F.2d 554 (2 Cir. 1976) (mem.). *Cf. New York Public Interest Research Group, Inc. v. Regents of University of State of New York,* 516 F.2d 350 (2 Cir. 1975). . For the reasons which follow, the court is of opinion that the proposed intervenors have made such a showing and that they are, therefore, entitled to intervene in this action as of right.

First, the interests of the proposed intervenors in property and transactions which form the subject matter of the action, as well as the potential effect of a determination on those interests, are plain. The gravamen of plaintiffs' claim is the purported inconsistency with federal environmental policy and law of certain land use and zoning decisions made by the Village defendants. Among the specific decisions complained of is the downzoning of the Roslyn Pines parcel, listed in a schedule appended to the complaint as Exhibit A, from "R–2" to "R–M". Moreover, in their *ad damnum* clause plaintiffs request judgment, *inter alia,*

"(b) enjoining the defendants and each of them, from any actions in their official capacities in furtherance of any of the projects set forth in Exhibit A . . . .;

"(c) enjoining defendants Nassau County Sewer District No. 2 and Manhasset-Lakeville Water District from permitting any of the projects listed in Exhibit A to use the facilities and

---

1. At the time this action was commenced, Martucci was Mayor of the Village of North Hills and was named as a defendant in that capacity. Martucci has since been succeeded in office by Dr. Lowell Kane, who was, apparently due to misunderstanding, originally named as a plaintiff in the action, and who has since been substituted for Martucci as a defendant by operation of Rule 25(d)(1), F.R.Civ.P.

2. According to the attorney for the proposed intervenors, following adoption of the ordinance downzoning the country club parcel, a site plan prepared by Roslyn Pines was approved by the Village Planning Board. Thereafter, the Nassau County Planning Commission gave tentative approval to the plan and authorized the issuance of a building permit for four model units. The building permit has in fact been issued by the Building Inspector for the Village of North Hills. Robinson Aff. (6/22/78), ¶¶ 7–9.

services of said defendants until and unless each of said defendants has the capacity to permit such uses without resulting in any violations of the federal statute hereinbefore cited; . . . ."

Plaintiffs do not seriously dispute that proposed intervenors come within the first two components of the Rule 24(a) test. Their sole challenge is to the technical sufficiency of the moving papers,[3] originally supported solely by an attorney's affidavit made on information and belief but since supplemented by an affidavit of Martucci (July 14, 1978), setting forth his status as sole shareholder and president of Roslyn Pines.

Plaintiffs' objections on this score are without merit. Rule 24(c), which governs intervention procedure, requires only that the motion be served upon the parties in accordance with Rule 5, and that it "shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." Where, as here, the proposed intervenors' interests as well as the potential effect of the litigation on those interests fairly appear from pleadings properly before the court, any additional showing would be superfluous. *Cf. Clark v. Sandusky,* 205 F.2d 915, 918 (7 Cir. 1953). Indeed, paragraph 7 of the proposed answer admits plaintiffs' allegation that Roslyn Pines is the owner of the Renaissance Country Club parcel described in paragraph 5 of Exhibit A to the complaint, Martucci has attested to his interest in Roslyn Pines, and the complaint recites that the contested downzoning and other actions of the Village defendants

"have greatly increased the values of properties in the Village held and owned by members of the Village Board and other Village agencies of government, with the affected owner and trustee or other officer in each case abstaining from voting on his own application but approving the applications of co-trustees or other officers. The said Village governmental actions included, *inter alia,* those downzoning and variance grants set forth in Exhibit 'A.'" Complaint (3/20/78), ¶ 21.[4]

Although the proposed intervenors have offered additional bases for intervention—notably, the adverse effect of the pendency of the action upon Roslyn Pines' ability to obtain necessary development financing—we think the foregoing facts sufficient to satisfy the first two prongs of the Rule 24(a) test. See *New York Public Interest Research Group, Inc. v. Regents of the State of New York, supra,* 516 F.2d at 352.

Hence, the only substantial issue raised by plaintiffs concerns the third component of the Rule 24(a) test, the adequacy of representation of the proposed intervenors' interests by the existing parties to the action.

▪ As the Second Circuit has lately written, "[a]n applicant for intervention as of right has the burden of showing that representation *may* be inadequate, although the burden 'should be treated as minimal.'" *United States Postal Service v. Brennan,* 579 F.2d 188 at 191 (2 Cir., 1978) (quoting from *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1974)) (emphasis added). Plaintiffs urge that Martucci and Roslyn Pines cannot sustain this burden because the "Village is

---

**3.** Because of this claimed insufficiency, plaintiffs seek leave to conduct an oral deposition of Martucci to probe his interest and that of Roslyn Pines in the lawsuit. They claim that if the interest of the proposed intervenors as owners of property scheduled in Exhibit A is deemed sufficient to warrant their participation in the action, "the door will have been opened for the intervention of another approximately 50–100 owners of subject property listed on Schedule 'A' of the Complaint." Sive Aff. (7/10/78), ¶ 6. We express no view on the latter proposition,

except to note that the broadening of representation that would flow from granting the present motion would necessarily introduce new factors to be considered on any subsequent motion to intervene.

**4.** We might also note that plaintiffs' counsel, in his opposing affidavit, makes reference to "the Village actions . . . pursuant to which [Martucci's] rights vested." Sive Aff., *supra,* ¶ 4.

committed to the defense of this action and the defense of its actions, which were directly related to the property owned by proposed intervenor-defendants." Plaintiffs' Mem. (7/10/78), at 7.[5] They place principal reliance on the district court's decision in *British Airways Bd. v. Port Authority of N. Y. & N. J., supra,* where leave was denied a group of individuals and entities who sought to intervene as defendants in an action brought by two foreign airlines for relief from a decision of the Port Authority barring the landing of Concorde aircraft at J.F.K. International Airport.

In the *British Airways* action, the sole question was whether the Port Authority had the power to deny use of the J.F.K. airport to the Concorde operators in the face of federal approval of the flights. Judge Pollack was of the view that the interests of the named defendant and the proposed intervenors necessarily coincided on that narrow question and therefore denied the application, noting that "[t]he Port Authority would appear to have as great an incentive to safeguard the extent of its power from the instant challenge as would any of the proposed intervenors." 71 F.R.D. at 585.

But the *British Airways* decision is plainly inapposite here. Because of the peculiar facts of the case before him, Judge Pollack applied the stringent test for inadequacy of representation appropriate "[w]hen the interests of an applicant for intervention are considered identical with those of a party," and which requires a showing of "(1) collusion; (2) adversity of interest; (3) possible non-feasance; or (4) incompetence." *United States v. International Business Machines,* 62 F.R.D. 530, 537–38 (S.D.N.Y. 1974). See *British Airways Bd., supra,* 71 F.R.D. at 585. While it may be true that here, as in the *British Airways* case, the named defendants have great incentive to preserve their power to perform their respective functions and to protect determinations made in accordance with their view of

their official responsibilities, it cannot be said that they share the very real and immediate economic interests of the proposed intervenors in the progress and outcome of the litigation. Hence here, as in *New York Public Interest Research Group, Inc. v. Regents of the State University of New York, supra,* "there is a likelihood that the [property owners] will make a more vigorous presentation of the economic side of the argument than would the [governmental defendants]." 516 F.2d at 352. Moreover, should the plaintiffs succeed on the merits, a result which we assume plaintiffs anticipate, participation by affected property owners may well be indispensable to the shaping of relief. Accordingly, the court is of opinion that the interests of the proposed intervenors are not adequately represented by existing parties.

The court having concluded that Martucci and Roslyn Pines have satisfied each of the requirements of Rule 24(a), F.R.Civ.P., their motion to intervene as defendants is granted. In view of this disposition, plaintiffs' request for leave to conduct discovery with respect to the intervention issue is denied.

SO ORDERED.

Counsel for all parties are hereby directed to appear before the court on Tuesday, January 2, 1979, at 9:30 a. m., in Chambers, Room 252, for the purpose of determining the steps to be taken to accomplish the speedy disposition of this action.

---

**5.** The contention is supported by the affidavit of the attorney for the Village defendants. See Levin Aff. (7/3/78), ¶ 3.