Pleading and practice; intervention; timeliness of motion to intervene; interest of intervenor-applicants; adequacy of representation; amicus curiae. — On May 30, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Kunzig and Bennett, Judges.
Four environmental interest organizations, the Environmental Defense Fund, Inc., the Florida Audubon Society, Inc., the National Audubon Society, Inc., and the Collier County Conservancy, Inc., (hereinafter, applicants) seek to formally intervene, on defendant’s behalf, in this taking case by the Deltona Corporation against the United States. By order of May 19, 1980, the trial judge denied the applicants’ motion for leave to intervene. Applicants now request expeditious interlocutory review of the trial judge’s order and argue intervention should be permitted. As a matter of procedure, we grant applicants’ motion for interlocutory review. On the merits, however, we reject their motion to intervene and affirm the trial judge’s denial.
Defendant, acting through the United States Army Corp of Engineers (Corps of Engineers) denied plaintiff Deltona certain permits it wants to dredge and fill mangrove swamp wetlands owned by plaintiff in the vicinity of Marco Island, Florida. Deltona has mounted a two-pronged attack against the permit denial. First, it has sued the Army in the United States District Court, Middle District of Florida, on the grounds denial of the permits was arbitrary, capricious and otherwise administratively defective. By use of the district court’s injunctive and declaratory powers, Deltona hopes to obtain the permits and commence dredging and filling. In a second action, Deltona has sued in this court for fifth amendment just compensation for its property allegedly taken as a result of the permit denials. The applicant- *664 intervenors won the right to intervene in the district court case and now wish also to intervene in this court’s proceedings.
At the outset, it must be recognized that the grounds upon which applicants may request intervention in this court are quite different from the grounds upon which the district court granted their motion to intervene. Deltona Corp. v. Hoffman, 9 ERC 1942 (M.D. Fla. January 19, 1977). The district court based its decision specifically on 33 U.S.C. § 1365 (1976), the citizens’ suit provision of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq. (1976). That provision indicates applicant-intervenors could have brought suit in their own right in district court; consequently, permission to intervene was appropriate. The provision for citizen suits, however, does not apply to actions in the Court of Claims nor do we see how it may be reasonably construed to apply in light of our jurisdictional limitations. 28 U.S.C. § 1491 (1976). The inapplicability of the citizens’ suit provision, in conjunction with the differences in the theories of recovery and the nature of the relief sought (differences clearly delineated in our order in this case dated February 22, 1980, Davis, Presiding Judge) establish that applicants should not necessarily be granted intervention in this court simply because intervention was granted by the district court. The two cases are independent of one another. Applicants themselves acknowledge their rights to intervene here must be determined by reference to this court’s Rule 65, Intervention, which states in part:
(a) When Permitted: Upon timely application, anyone may be permitted by the court (or the commissioner) to intervene in an action (1) when the representation of the applicant’s interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action, or (2) where the applicant has a pecuniary interest in the subject matter of the main action.
Based on this rule we deny applicants’ motion to intervene because of: (l.a) insufficient interest of applicants in the outcome of this suit; (l.b) adequacy of representation by the Justice Department; and (2) applicants’ complete lack of a pecuniary interest.
*665 Insufficiency of Interest: As the district court recognized and as applicants themselves state in briefs before us, applicants seek intervention "to assert and defend their interests and the interests of their members in the protection of ecologically and economically valuable mangrove swamp wetlands on the southwest coast of Florida.” More directly, applicants ultimately wish to block Deltona from receving Corps of Engineers permits to dredge and fill swamp wetlands in the vicinity of Marco Island, Florida. Nothing this court can do will cause the lands to be dredged and filled; that result is a matter entirely in the hands of the district court, with its declaratory and injunctive powers. Should this court determine a taking has occurred (we intimate no views whatsoever on the merits), Deltona will be entitled to a sum of money from the United States, but the wetlands will remain intact. If it is decided a taking has not occurred, again the status quo is perpetuated. Deltona has stated it will drop the district court suit if it prevails on its taking claim in this court (which would actually be to the advantage of the interest applicants assert). Whatever the ramifications of Deltona’s position, they are far too attenuated to give applicants an interest in this suit as a matter of law. Applicants’ concern is the preservation of certain coastal wetlands; what ultimately happens to the wetlands will happen regardless of any future decision we may make. Applicants’ interest is insufficient to justify intervention.
Adequate Representation: Applicants offer little, if any, evidence indicating their interests (such as they are) will be inadequately represented. They merely assert they would be in the best position effectively to oppose Deltona because they did so in the administrative hearing which denied the permits. In the first place, we are reluctant to entertain a presumption other than that the United States, through the Department of Justice, adequately represents the interests of the United States, which in this suit are aligned with the interest applicants assert. See Allard v. Frizzell 536, F.2d 1332, 1334 (10th Cir. 1976) (Holloway, Circuit Judge, concurring). In fact, one authority states ". . . in the absence of a very compelling showing to the contrary it will be assumed that the United States adequately represents *666 the public interest in antitrust suits and a variety of other matters.” 7A C. Wright & A. Miller, Federal Practice & Procedure § 1909 at 528 (1972). As a practical point, the witnesses applicants now wish to present testified extensively in the earlier Corps of Engineers administrative proceeding, the record of which is to be submitted by the parties. Finally, to the extent applicants have an interest in the question before the court, it may be best advanced, as the trial judge determined, by amicus curiae status. See British Airways Board v. Port Authority of New York and New Jersey, 71 F.R.D. 583 (S.D.N.Y. 1976). In summary, there is nothing to indicate applicants’ interest in the suit will be inadequately represented by the United States.[1]
Lack of Pecuniary Interest: Applicants concede they have no monetary interest in the outcome of the suit in this court. Obviously, the point cannot serve as a ground for intervention.
To conclude, we are convinced applicants have no interest in this suit either monetarily, or insofar as protecting the wetlands in question, sufficient to justify intervention. To the extent they may have any other interests, the interests are more than adequately protected and represented by the United States and by their participation in the suit amicus curiae. Lastly, applicants’ motion, filed one month before trial in this complicated case, can hardly be deemed to be timely (the final, pertinent paper was filed only two days ago, five days before trial).
Accordingly, it is therefore ordered, upon consideration of the parties’ submissions and the submissions of the applicants for intervention, that applicants’ motion for interlocutory review of the trial judge’s order of May 19, 1980, is granted. The trial judge’s order denying applicants’ motion for leave to intervene is affirmed.

 Parenthetically we note it is highly unlikely applicants may in any way be bound in district court by a judgment of this court. While Deltona has included a fifth amendment taking claim in its request for declaratory and injunctive relief from the district court, the distirct court only has jurisdiction over such claims under a $10,000 amount. 28 U.S.C. § 1346 (1976). Furthermore the main thrust of the district court action is for declaratory and injunctive relief, which we cannot award. As we stated earlier, the two suits are independent of one another.