## NEBRASKA *v.* WYOMING.

No. 16, original. Motion to dismiss submitted January 21, 1935.— Argued March 13, 1935.—Decided April 1, 1935.

*Mr. Ray E. Lee,* Attorney General of Wyoming, with whom *Mr. William C. Snow,* Assistant Attorney General, and *Mr. Thomas F. Shea,* Deputy Attorney General, were on the brief, for defendant in support of the motion to dismiss.

*Mr. Paul F. Good,* with whom *Mr. Wm. H. Wright,* Attorney General of Nebraska, and *Mr. C. G. Perry* were on the brief, for plaintiff in opposition to the motion to dismiss.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

Nebraska, by leave of court, has filed a bill of complaint against Wyoming praying ascertainment of the equitable apportionment, as between the two States, of the waters of the North Platte River, and a decree to enforce compliance with the findings in that behalf. Wyoming has presented a motion to dismiss.

The allegations of the bill, in summary, are: The river, a non-navigable stream, has its source in Colorado, enters and traverses Wyoming, crosses the state line into Nebraska and in that State unites with the South Platte to form the Platte River, which flows from the junction through Nebraska to the Missouri River, the eastern boundary of the State. Nebraska's citizens need irrigation water from the Platte above Grand Island and the North Platte; appropriation of water from these streams by her citizens began in 1882, continues to the present time, and is of large extent. Plaintiff and defendant alike recognize by their laws the doctrine that the waters of streams may be appropriated for beneficial use and that he whose appropriation is prior in time has the superior

right.  Appropriations of the waters of the North Platte have been made in both states.  The Reclamation Act of the United States[1] authorized the construction of reservoirs in Wyoming for storage of water to be used for irrigation, and the Secretary of the Interior, pursuant to the Act, applied to the state engineer of Wyoming and obtained from him permission to construct in that state reservoirs for impounding the waters of the North Platte, and to appropriate waters, and was awarded a priority date.  Reservoirs of large capacity have accordingly been constructed and operated by the United States, but solely under and subject to the irrigation and appropriation laws of Wyoming.  Projects completed under the Reclamation Act are also supplied with water withdrawn from the direct flow of the North Platte, and the Bureau of Reclamation of the Department of the Interior of the United States has, pursuant to the Warren Act,[2] contracted with irrigation projects having earlier priorities to supplement the direct flow rights of such projects by the addition of waters stored in its reservoirs.  All of the acts of the Reclamation Bureau in operating the reservoirs so as to impound and release waters of the river are subject to the authority of Wyoming; and she and her officers are under the duty to administer these waters fairly and impartially, and to control appropriators whose rights arise under the law of Wyoming from encroaching upon the rights of Nebraska appropriators by diminishing the flow so that the latter are unable to obtain the waters embraced within their appropriations.  This duty Wyoming officials have neglected and disregarded, in spite of Nebraska's protests; and have permitted the diversion of waters belonging to Nebraska's appropriators to the great loss and damage of

---

[1] June 17, 1902, c. 1093, 32 Stat. 388.  U. S. C. Tit. 43, §§ 372, 373, 381, 383, 391, 392, 411, 416, 419, 421, 431, 432, 434, 439, 461, 476, 491, 498.

[2] Feb. 21, 1911, c. 141, 36 Stat. 925; U. S. C. Tit. 43, §§ 523–525.

her citizens. The priorities of the appropriators in each state, including the Bureau of Reclamation, can be ascertained, and investigation discloses that the defendant has allotted the Bureau too early a date with respect to a proposed project and unless restrained Wyoming will permit appropriation in aid thereof.

The motion to dismiss advances three propositions of law.

1. Colorado is said to be an indispensable party, because the bill discloses that the North Platte rises in that state and drains a considerable area therein. The contention is without merit. Nebraska asserts no wrongful act of Colorado and prays no relief against her. We need not determine whether Colorado would be a proper party, or whether at a later stage of the cause pleadings or proofs may disclose a necessity to bring her into the suit. It suffices to say that upon the face of the bill she is not a necessary party to the dispute between Nebraska and Wyoming concerning the respective priorities and rights of their citizens in the waters of the North Platte River.

2. The motion asserts that the Secretary of the Interior is an indispensable party. The bill alleges, and we know as matter of law,[3] that the Secretary and his agents, acting by authority of the Reclamation Act and supplementary legislation, must obtain permits and priorities for the use of water from the State of Wyoming in the same manner as a private appropriator or an irrigation district formed under the state law. His rights can rise no higher than those of Wyoming, and an adjudication of the defendant's rights will necessarily bind him. Wyoming will stand in judgment for him as for any other appropriator in that state. He is not a necessary party.

---

[3] Act of June 17, 1902, c. 1093, § 8, 32 Stat. 390; U. S. C. Tit. 43, § 383.

44

3. Wyoming says that the bill fails to state a cause of action in equity and states no matter of equity entitling Nebraska to the relief for which she asks. The printed argument submitted on behalf of defendant asserts that the complaint is vague and indefinite in its assertions of fact and may be read as claiming the entire flow of the river for use in Nebraska. We do not so read the bill. The plaintiff asserts that appropriations have been made in both states; that some in Wyoming are prior to others in Nebraska and vice versa, and prays an ascertainment of the proper dates of all and relief in conformity with the facts found.

In oral argument the defendant called attention to statements in the bill to the effect that certain of the Nebraska water users whose rights the plaintiff desires adjudicated, must take water from the Platte River which is formed by the confluence of the North and the South Platte rivers; that the latter rises in Colorado and flows for a substantial distance through Nebraska before it joins the North Platte, and the bill fails to state anything respecting the augmentation of the flow of the Platte from the South Platte, which increment should be considered in ascertaining the amount of the waters contributed by the North Platte to which these users are entitled as against users in Wyoming. It is said the plaintiff's failure to mention the contribution of the South Platte or to signify a willingness that the water this stream supplies to the Platte shall be taken into account, is a failure to tender equity, and requires a dismissal of the suit. We think the position is not well taken. The bill states " that in the drainage basin of the said Platte and North Platte Rivers, between the said state line dividing the State of Nebraska from the State of Wyoming, and the City of Grand Island, Nebraska, there are no tributaries of the said North Platte and Platte Rivers supplying any substantial amount of water. . . ." If the

fact be otherwise Wyoming may traverse this allegation and, thus make it an issue to be determined with proper regard to such proofs as may be produced respecting the supply from the South Platte.

We think no sufficient ground appears for dismissing the bill.

> *The motion is denied, and the defendant will be given sixty days within which to answer the bill.*