**LEECH LAKE CITIZENS COM-
MITTEE et al., Plaintiffs,**

v.

**LEECH LAKE BAND OF CHIPPEWA
INDIANS et al., Defendants.**

No. 6-72-Civ-325.

United States District Court,
D. Minnesota,
Sixth Division.

March 28, 1973.

———◆———

C. John Forge, Jr., Independence, Mo., for plaintiffs.

Robert G. Renner, U. S. Atty., Warren R. Spannaus, Atty. Gen., State of Minn., Morris M. Sherman, Sp. Asst. Atty. Gen., Eldon G. Kaul, Sp. Asst. Atty. Gen., Bernard P. Becker, Legal Aid Society of Minneapolis, Inc., Minneapolis, Minn., Kent P. Tupper, Walker, Minn., for defendants.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

DEVITT, Chief Judge.

This action seeks to enjoin all citizens of Minnesota and of the United States from violating Minnesota conservation laws; to free officers and agents of the state to bring violators of those laws to this Court for contempt proceedings; and to enjoin the State of Minnesota, the Leech Lake Band of Chippewa Indians, and the United States from entering into a settlement agreement on regulation of hunting, fishing, and ricing on the Leech Lake Reservation. It also asks for $35,000 in attorney's fees and litigation expense.

The state defendants move to dismiss under Rule 12(b), Federal Rules of Civil Procedure, for lack of jurisdiction over the parties and failure to state a claim on which relief can be granted. Grounds for the motion are: (1) immunity under the Eleventh Amendment; (2) lack of standing; and (3) non-justiciability. The Indian defendants move to dismiss on essentially the same grounds, although their immunity is claimed as sovereigns of the United States. The federal defendants join in these motions. By order of December 21, 1972, the Court dismissed plaintiffs' cause of action against Richard M. Nixon, President of the United States.

In Leech Lake Band of Chippewa Indians v. Herbst, 334 F.Supp. 1001 (D. Minn.1971), this Court declared that the Leech Lake Band held a treaty right to hunt, fish, trap, and gather wild rice within the Reservation free of Minnesota game and fish laws. The present plaintiffs were not parties to that case. The State of Minnesota appealed the judgment to the Circuit Court of Appeals. The Leech Lake Band and the United States filed cross-appeals on the issue of the Band's exclusive right to regulate non-Indians as well as Indians on the Reservation. Four of the present plaintiffs sought to intervene in the Appellate Court. The Court of Appeals denied intervention on June 8, 1972, and denied remand to this Court for consideration of a motion to intervene. But it did grant them the right to file a brief *amicus curiae*.

Shortly thereafter, parties to the appeal moved jointly for remand to this Court for entry of a consent judgment on the basis that a settlement had been reached which would be approved by the Minnesota Legislature. The Court of Appeals granted the motion on June 30, 1972. It amended its order on July 24, 1972, to provide " . . . . that in the event the legislation necessary heretofore agreed by the parties is not enacted by the Minnesota Legislature, the parties retain their right to reinstate their appeals without prejudice."

Since then the parties have come to agreement. The Governor and Commissioner of Natural Resources, the United States Attorney, and the Chairman and Secretary of the Leech Lake Band of Chippewa Indians all are signatories to it. A bill to effectuate its terms is now being considered by the Minnesota Legislature. Plaintiffs are dissatisfied with

the proposed settlement and pending legislation. They fear the state has not and will not represent their interests as non-Indian hunters, fishermen, and resort owners living in the general vicinity of Leech Lake. They want this Court to put a stop to the settlement and to assume the role of administering Minnesota's conservation laws in that area.

■ What plaintiffs ask, this Court cannot do. The Court cannot undertake to enforce a state's system of criminal law via its contempt power. It only can pass on the validity of the system under constitutional standards and in light of current federal law. With respect to Indians' hunting, fishing, and ricing on the Leech Lake Reservation, it has passed judgment. A vigorous and able defense was presented by the State of Minnesota. There is no reason to reopen that judgment now.

■■ The Court is without authority to enjoin the Legislature from ratifying the agreement. The doctrine of Separation of Powers forbids it. Marbury v. Madison, 1 Cranch 137, 2 L.Ed. 60 (1803) established the federal courts' power to review the constitutionality of state legislation after its passage, not before. Questions as to whether legislation should be enacted and the form it should take are committed to the legislative branch, and courts must refuse to interfere with that process. *See* Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); Communist Party v. S. A. C. Board, 367 U.S. 1, 81 S.Ct. 1357, 6 L.Ed.2d 625 (1961).

■ The Court cannot enjoin the State of Minnesota or its representatives from entering into its agreement with the Indians and the federal government. This is not a "treaty" within the meaning of Article 1, § 10 and Article III, § 2, as plaintiffs contend. It is simply a settlement, designed to bring an end to litigation.

There is no federal question which would confer jurisdiction on this Court. In *Herbst* jurisdiction was founded on 28 U.S.C. § 1331, the federal question

statute, and 28 U.S.C. § 1362, which confers on Indians the right to institute civil actions in certain cases. The question in that case was the Indians' rights under treaty and in light of the Nelson Act, 25 Stat. 642.

■ To the extent that this litigation differs from *Herbst,* the only tenable federal question arising from the pleadings is plaintiffs' right to equal protection of the laws. As the United States Attorney pointed out at oral argument, however, the historical fact is that Indians and non-Indians have been treated differently over the years. Indians and their land are protected by the federal government. Treaties, such as those referred to in *Herbst,* are the source of this protection. The State of Minnesota, in honoring these treaties, does no violence to the proscription:

"No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."

The same holds for the federal government under the Fifth Amendment. *See* Bolling v. Sharpe, 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884 (1954); Kills Crow v. United States, 451 F.2d 323 (8th Cir. 1971).

In addition, defendants' claims of immunity are not without foundation. By its express terms the Eleventh Amendment precludes suits against a state:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Although the Amendment by its terms bars only suits against the states by citizens of other states, it has been consistently interpreted as barring suits against a state by its own citizens. Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). As pointed out in *Hans,* the amendment was passed in consequence of Chisholm v. Georgia, 2 U.S. (2 Dall) 419, 1 L.Ed. 440 (1793), which held that states were subject to suits by

individuals. This decision created "such a shock of surprise throughout the country that, at the first meeting of congress thereafter, the eleventh amendment to the constitution was almost unanimously proposed." *Hans, supra,* 134 U.S. at 11, 10 S.Ct. at 505.

■ Despite this history, the Supreme Court made inroads on the Amendment in Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), when it held that an injunction could issue to restrain official action taken pursuant to state law which was unconstitutional or in conflict with federal law. This was the basis for the injunction issuing in *Herbst.* The present suit, however, is not grounded on the unconstitutionality of any state statute and the resulting lack of lawful authority for official action taken under it. None has been passed. Thus, there is no basis from which an injunction can issue from this Court and no indication that the State of Minnesota waived its immunity by its defense in *Herbst.*

■ The immunity of the Leech Lake Band of Chippewa Indians and the Reservation Business Committee of the Band is well settled under the law. While individual Indians may be subject to suit, "Indian tribes under the tutelage of the United States are not subject to suit without the consent of Congress." Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe, 370 F.2d 529, 532 (8th Cir. 1967).

This action is premature in that it calls on the Court to rule on legislation not yet passed. It lacks any colorable federal jurisdictional basis. It asks this Court to do things it is without the power to do—interfere with a state's legislative process and assume its criminal administrative functions. And it names defendants who are immune from suit.

The plaintiffs are not without a remedy. They may assert their claims in the Court of Appeals by way of amicus brief if the legislation is not enacted, and in the state courts by way of challenge to the validity of the legislation if enacted.

Defendants' motions to dismiss are granted.