486 F.2d 888
 LEECH LAKE AREA CITIZENS COMMITTEE et al., and John P.
Pilburn, et al., Appellants,
v.
The LEECH LAKE BAND OF CHIPPEWA INDIANS et al., Appellees,
v.
Robert HERBST et al., Appellees,
v.
UNITED STATES of America, Appellee,
v.
STATE OF MINNESOTA, Appellee,
v.
Glenn BIXENSTINE et al., Appellees.
 No. 73-1384.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 16, 1973.
Decided Nov. 1, 1973.
 
 Bernard P. Becker, Legal Aid Society, Minneapolis, Minn., made argument for Leech Lake Band of Chippewa Indians, and others.
 Morris Sherman, Asst. Atty. Gen., St. Paul, Minn., made argument for the State of Minnesota.
 C. John Forge, Jr., Independence, Mo., made argument for Leech Lake Area Citizens Assn., and others.
 Before HEANEY, BRIGHT and ROSS, Circuit Judges.
 
 ORDER FOR SUMMARY AFFIRMANCE
 
 1
 This matter comes before this court upon a motion for summary affirmance of an order of the district court (Chief Judge Devitt) which denied an application for intervention made by the Leech Lake Citizens Committee and others in the underlying action which was then pending in district court. We grant the motion for summary affirmance.
 
 
 2
 The underlying litigation commenced in 1969. The Leech Lake Band of Chippewa Indians brought an action against Robert L. Herbst, Commissioner of Natural Resources of the State of Minnesota, to determine the rights of the Chippewa Indians to fish, hunt, and harvest wild rice on the public lands and waters of Leech Lake Indian Reservation in Minnesota. In a second action, also for declaratory judgment, the United States brought an action for similar relief against the State of Minnesota. The two cases were consolidated and the case proceeded to trial and judgment. Leech Lake Band of Chippewa Indians v. Herbst, 334 F.Supp. 1001 (D.Minn. 1971). Thereafter, appeals and cross-appeals were filed here. Before the appeal was heard, we remanded the case to the district court for the entry of a consent judgment since the parties had agreed upon a settlement of the dispute subject to the State of Minnesota enacting legislation in conformity with the settlement agreement. Pending final settlement and after our remand of the case to the district court, the appellants here sought to indirectly become parties to the dispute by bringing an action for injunction to prevent any final settlement of the underlying litigation. The district court dismissed the action, Leech Lake Cit. Com. v. Leech Lake Band of Chippewa Ind., 355 F.Supp. 697 (D.Minn.1973). No appeal was taken.
 
 
 3
 Thereafter on March 22, 1973, these appellants directly applied to the district court for intervention in the existing action. The court denied the application and this appeal followed.
 
 
 4
 The record also discloses that, pending appeals and cross-appeals in the underlying action, the present appellants sought to intervene on that appeal. We denied the motion on June 8, 1972, but granted leave to said parties to file a brief amicus curiae.
 
 
 5
 Thus, the record shows that persons asserting the alleged interests of these appellants have several times directly or indirectly sought intervention in the underlying action. The prior orders denying intervention have become final. The present motion to intervene raises no new matters. The record discloses no basis for intervention as a matter of right under Rule 24(a)(2), F. R.Civ.P.[1] The general interests of all citizens of Minnesota, and others, were represented by the State of Minnesota in the underlying action. Moreover, if as alleged, officials of Minnesota have acted in a manner contrary to the state or federal constitutions in effecting a settlement of the underlying litigation, such contention raises an issue separate from the matters heretofore litigated and settled in the underlying litigation. Additionally, the district court committed no error in denying intervention on a permissive basis under Rule 24(b), F. R.Civ.P.,[2] because of the late stage of litigation in which the motion for intervention was brought and because the denial of earlier efforts to intervene had already become final.
 
 
 6
 We have carefully considered the files and records herein, the briefs of the parties to this appeal, and oral arguments presented by counsel. We hold this appeal to be frivolous and without merit. We grant appellees' motion for affirmance pursuant to Rule 9(b) of the Rules of this Court.[3]
 
 
 7
 *****
 
 
 8
 * * *
 
 
 9
 *****
 
 
 10
 * * *
 
 
 11
 It is so ordered.
 
 
 
 [1]
 That provision reads:
 (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 
 
 [2]
 That provision reads:
 (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
 
 
 [3]
 As pertinent, this rule reads as follows:
 Rule 9. Summary Disposition.
 (b) On The Motion Of The Parties. The appellee may file a motion for summary disposition of a docketed appeal. A motion to dismiss an appeal may be based on the contention that * * * (2) the appeal is frivolous and entirely without merit. A motion to affirm may be based on the ground that the questions presented for review are so unsubstantial as not to need further argument. A motion for summary disposition may be on alternative grounds.