631 F.2d 738
 13 ERC 1731, 203 U.S.App.D.C. 156, 9
Envtl. L. Rep. 20,729
 ENVIRONMENTAL DEFENSE FUND, INC., Trout Unlimited, The
Wilderness Society
v.
R. Keith HIGGINSON, Commissioner, Bureau of Reclamation,
U.S. Department of Interior et al., State of
Colorado et al., Appellants.
 No. 79-1028.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued May 7, 1979.
Decided Aug. 30, 1979.
Rehearing Denied Oct. 9, 1979.
 
 Appeal from the United States District Court for the District of Columbia (D.C. Civil Action No. 78-1135).
 Robert L. McCarty, Washington, D. C., with whom Dennis Montgomery, Denver, Colo., Kenneth Balcom, Washington, D. C., was on the motion for summary reversal, for appellant Colorado River Water Conservation District.
 George W. Pring, with whom Paula C. Phillips and William A. Butler, Denver, Colo., were on the motion for summary affirmance, for appellees Environmental Defense Fund, Inc., et al.
 Maryann Walsh, Atty., Dept. of Justice, Washington D. C., for appellee Department of Interior.
 Also Christopher D. Williams and Robert L. McCarty, Washington D. C., entered appearances for appellant Colorado River Water Conservation District.
 Jerome C. Muys, Washington D. C., entered an appearance for appellants State of Arizona and State of Wyoming.
 James W. Moorman and Robert L. Klarquist, Attys., Dept. of Justice, Washington D. C., entered appearances for appellee Department of Justice.
 Before TAMM, LEVENTHAL and MacKINNON, Circuit Judges.
 Opinion Per Curiam.
 
 
 1
 Dissenting opinion filed by MacKINNON, Circuit Judge.
 
 PER CURIAM:
 
 2
 In this case we consider the circumstances under which a sub-state entity may intervene in an action in federal district court in which the parent state is already a party.[1]
 
 
 3
 The underlying action in this case is a suit by the Environmental Defense Fund (EDF) and two other environmental groups to compel certain federal officials (federal appellees) to prepare a comprehensive environmental impact statement analyzing impacts of and alternatives to federal water resource projects and operations in the Colorado River Basin.[2] Four states, including Colorado and Nevada, and several local entities in the Basin moved to intervene as defendants. The District Court granted intervention to the four states and to a private electrical utility company. It denied intervention to four local water districts in Colorado and one in Nevada, stating that these entities had not offered a compelling reason or circumstance in which they differed from the positions adopted by the states. The Court therefore held that the water districts were adequately represented under the doctrine of parens patriae.
 
 
 4
 The Colorado water districts appealed and move for summary reversal. The federal appellees and EDF move for summary affirmance. We affirm the denial of intervention but do so on a ground different from that asserted by the District Court.
 
 
 5
 Ordinarily, intervention as of right in the district court is controlled by the three-pronged test of Rule 24 of the Rules of Civil Procedure: adequate interest, possible impairment of that interest, and lack of adequate representation by existing parties. The Supreme Court has held, however, that the test for intervention becomes more stringent when the applicant for intervention is a subdivision or citizen of a state and the state is already a party to the suit. In that event, the Court has stated, the applicant must demonstrate "some compelling interest in (its) own right, apart from (its) interest in a class with all other citizens and creatures of the state, which interest is not properly represented by the state." New Jersey v. New York, 345 U.S. 369, 373, 73 S.Ct. 689, 691, 97 L.Ed. 1081 (1953). Appellants contend, however, that this stricter standard applies only to actions in the original jurisdiction of the Supreme Court and thus should not have been applied by the District Court in this case. We agree.
 
 
 6
 The Supreme Court is understandably vigilant in simplifying cases that fall within its original jurisdiction. These cases require the Court to perform the unfamiliar task of factfinding and frequently to decide issues bottomed on local law.[3] The more time it devotes to such tasks, the less attention it can give to those matters of federal law and national import for which it is the primary overseer.[4] Accordingly, the Supreme Court has a strong interest in restricting intervention in cases in its original jurisdiction so as to prevent those cases from becoming time-consuming multi-party litigation.
 
 
 7
 The district court has a different role in the federal structure. Substantially less in terms of responsibility to the national system is sacrificed when the attention of a district court, rather than that of the Supreme Court, is drawn to multi-party cases and to matters involving local law. Consequently, the "compelling interest" test announced in New Jersey v. New York, supra, has full vitality for actions in the original jurisdiction of the Supreme Court[5] but not for suits in federal district court.
 
 
 8
 While a federal district court considering intervention does not apply the rigorous compelling interest test, it does give scope to the parens patriae principle. An individual seeking intervention ordinarily is required to make only a minimal showing that representation of his interest may be inadequate.[6] Under the parens patriae concept, however, a state that is a party to a suit involving a matter of sovereign interest is presumed to represent the interests of all its citizens.[7] Thus, to intervene in a suit in district court in which a state is already a party, a citizen or subdivision of that state must overcome this presumption of adequate representation. A minimal showing that the representation may be inadequate is not sufficient. The applicant for intervention must demonstrate that its interest is in fact different from that of the state and that that interest will not be represented by the state.
 
 
 9
 In the instant case, the appellant water districts have failed to overcome the presumption that their interests will be adequately represented by the State of Colorado. They may indeed have a more direct economic interest in the operation of the water projects in issue than does the state. Nevertheless, there appears to be no possible divergence between their position and the state's position on the primary issue. All oppose the claim that a comprehensive environmental impact statement is required by law. The arguments of the water districts would be merely cumulative.
 
 
 10
 We affirm the District Court's denial of intervention to the water districts on the ground that the districts failed to demonstrate the inadequacy of the representation of their interests by the State of Colorado. While District Judge Flannery did not make an express finding to that effect, we think it fairly implicit in his opinion.[8]
 
 
 11
 Affirmed.
 
 MacKINNON, Circuit Judge (dissenting):
 
 12
 I would grant the motions to intervene by the Water Conservation Districts under Fed.R.Civ.P. 24(a).[1] At argument it was admitted that the State has only a general interest while the districts have a specific interest a proprietary interest and the litigation admittedly has a different scope insofar as the districts are concerned. The State also argues:
 
 
 13
 that intervention should be governed by the standards of F.R.Civ.P. 24
 
 
 14
 Colorado Brief at 5, and that is the equivalent to an admission that the districts' interest is not "adequately represented" by it. The State of Colorado stresses this point in its brief by arguing:
 
 
 15
 The point . . . is not that intervention is only warranted when the applicant has a more general interest than the existing party, but rather is that representation may not be adequate when the parties have different scopes to their interest, i. e., when their "interests may not coincide."
 
 
 16
 Id. at 6 quoting National Resources Defense Council v. Costle, 183 U.S.App.D.C. 11, 19 n. 41, 561 F.2d 904, 912 n. 41 (D.C. Cir. 1977) (emphasis in original).
 
 
 17
 The facts here leave no doubt that the State and the Districts have different scopes to their interest and that the interests themselves are such that representation by the state alone is inadequate, as foreseen when the Districts and State joined to defend those several interests.
 
 
 18
 Colorado Brief at 6.
 
 
 19
 The per curiam opinion attempts to circumvent this admission of a basic fact but does not and cannot refute the admission by the State that the Districts would be better represented if they were allowed to represent themselves. If a party does not receive the best representation that is available it is inadequately represented. The majority seek refuge in a claim that the parties have the same present objective in the lawsuit but overlook the State's admission that there is a difference in scope between the two parties.
 
 
 20
 Since the Districts seek to protect different interests from those of the State, I would accede to the request of both the State and the Districts and permit the Districts to intervene. It is really very unusual to deny such a request when the interested parties are in agreement and they have different interests. Therefore I respectfully dissent.
 
 
 
 [1]
 This same question was before the Court just last year, EDF v. Costle, Appeals Nos. 78-1471, 78-1515, and 78-1566 (D.C. Cir. 1978), reported unofficially at 12 Envir.Rep. (BNA) 1255, but, as an unpublished opinion, the decision in that case does not establish precedent in this circuit. D.C. Cir. R. 8(f). We deem it appropriate to consider the issue anew
 
 
 [2]
 Originally, EDF also sought to enjoin construction of new federal water resource projects in the basin until comprehensive EIS analysis is completed. EDF, however, disclaimed any request for a "negative" injunction after Congress passed an amendment to the Department of Interior's 1979 appropriations bill, H.R. 12932, which provides that construction of any water resource project on the Upper Colorado River "shall proceed if a final Environmental Impact Statement has been filed" on that particular project, Pub.L. No. 95-465, 92 Stat. 1279, 1291 (1978), 124 Cong.Rec. H11596 (daily ed. Oct. 5, 1978). See EDF's Motion for Summary Affirmance at 10
 
 
 [3]
 Ohio v. Wyandotte Chemicals Corp., 401 U.S. 493, 497-98, 91 S.Ct. 1005, 28 L.Ed.2d 256 (1971)
 
 
 [4]
 Id. at 498, 91 S.Ct. 1005
 
 
 [5]
 See United States v. Nevada, 412 U.S. 534, 538, 93 S.Ct. 2763, 37 L.Ed.2d 132 (1972), in which the Court stated that individuals "who ordinarily would have no right to intervene in an original action in this Court, New Jersey v. New York, 345 U.S. 369, 373-375, 73 S.Ct. 689, 97 L.Ed. 1081 (1953), would have an opportunity to participate in their own behalf . . . in the District Court."
 
 
 [6]
 Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972); Natural Resources Defense Council v. Costle, 183 U.S.App.D.C. 11, 18, 561 F.2d 904, 911 (D.C. Cir. 1977)
 
 
 [7]
 Louisiana v. Texas, 176 U.S. 1, 19, 20 S.Ct. 251, 44 L.Ed. 347 (1900)
 
 
 [8]
 However, this opinion is without prejudice to his reconsidering the matter and permitting intervention should he decide that the water districts are not adequately represented
 
 
 [1]
 Fed.R.Civ.P. 24(a) provides:
 Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.