**MILLE LACS BAND OF CHIPPEWA INDIANS, Arthur Gahbow, Walter Sutton, Carleen Benjamin, and Joseph Dunkley, Plaintiffs,**

v.

**STATE OF MINNESOTA, Minnesota Department of Natural Resources, and Joseph Alexander, Commissioner of Natural Resources, Defendants,**

**Minnesota Counties of Aitkin, Benton, Chisago, Crow Wing, Isanti, Kanabec, Mille Lacs, Morrison, and Pine, Intervenors Applicants.**

**Civ. No. 4–90–605.**

United States District Court,
D. Minnesota,
Fourth Division.

Jan. 28, 1992.

James Franklin Pence, Mille Lacs Band of Ojibwe, Onamia, Minn., Marc D. Slonim, Ziontz Chestnut Varnell Berley & Slonim, Seattle, Wash., for plaintiffs.

Stephen Bruce Masten, William Arthur Szotkowski, Minn. Atty. Gen., St. Paul, Minn., for defendants.

John Charles Hoffman, Jeffry Robert Chaffee, Mille Lacs County Atty., Milaca, Minn., for intervenors-applicants.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

This case arises under an 1837 treaty between the United States and the Mille Lacs Band of Chippewa Indians (the Band). The Band seeks a declaration that their hunting, fishing, and gathering rights under the treaty on lands ceded within Minnesota remain in force; a declaration defining the nature and scope of those rights; and an injunction barring state interference with those rights. Nine Minnesota counties moved to intervene. United States

Magistrate Judge J. Earl Cudd granted their motion to intervene as of right. Before the court is plaintiffs' appeal from that order.

In support of their appeal, plaintiffs argue that the counties have not shown that they have an interest that is protected by the substantive law that is the subject of this litigation. They also argue that the counties have not overcome the strong presumption that their interests are adequately represented by the State of Minnesota. Plaintiffs note that the magistrate judge did not make findings that the counties' interests were not adequately represented by the State, but granted intervention based solely on the effect the litigation may have on the counties' interests.

The counties respond that they do have interests protected by the substantive law in this litigation, that their interests are not identical to those of the State, and that the State has indicated that it will not specifically represent the counties' interests in this case so that it should not be considered to adequately represent their interests.

A motion to intervene of right is governed by Fed.R.Civ.P. 24(a), which provides in relevant part:

Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The portion of this rule most pertinent here is the final clause concerning the adequacy of representation of the applicant's interests by existing parties.[1]

The standard for inadequacy of representation is more stringent when the existing party is a state. *Environmental Defense Fund, Inc. v. Higginson*, 631 F.2d 738 (D.C.Cir.1979), *cited with approval in Jenkins v. Missouri*, 855 F.2d 1295, 1317 n.

23 (8th Cir.1988). In *Higginson*, 631 F.2d at 740 (footnotes omitted), the court set out the standard for intervention when the state is a party as follows:

An individual seeking intervention ordinarily is required to make only a minimal showing that representation of his interest may be inadequate. Under the *parens patriae* concept, however, a state that is a party to a suit involving a matter of sovereign interest is presumed to represent the interests of all its citizens. Thus, to intervene in a suit in district court in which a state is already a party, a citizen or subdivision of that state must overcome this presumption of adequate representation.... The applicant for intervention must demonstrate that its interest is in fact different from that of the state and that interest will not be represented by the state.

*See also* 3B *Moore's Federal Practice* ¶ 24.07[4] at 24–76–77 (1991). Factors in determining the adequacy of representation include whether collusion has been shown between the representative and an opposing party, whether the representative has an interest adverse to the proposed intervenor, and whether the representative has failed in the fulfillment of its duty. *Wade v. Goldschmidt*, 673 F.2d 182, 186 n. 7 (7th Cir.1982); *United States v. Bliss*, 132 F.R.D. 58, 60–61 (E.D.Mo.1990).

In *Leech Lake Area Citizens Committee v. Leech Lake Band of Chippewa Indians*, 486 F.2d 888 (8th Cir.1973), the court found no basis for intervention as a matter of right for a citizens committee in an action concerning the rights of Chippewa Indians to fish, hunt, and harvest wild rice on public lands and waters of Leech Lake Indian Reservation in Minnesota. The court held that "[t]he general interests of all citizens of Minnesota, and others, were represented by the State of Minnesota in the underlying action." *Id.* at 889. Similarly, in *Jenkins v. Missouri, supra*, 855 F.2d at 1317, the court affirmed the denial of a motion to intervene by a county in a school desegregation case because the motion was un-

---

1. Because this clause is determinative here, the court does not reach the other elements which the county applicants must show to intervene of right.

timely, but the court noted that even if that ruling was in error, the error was harmless "as the county has simply failed to overcome the presumption that its interests are adequately represented by the State."

 In the present case, the counties contend that they have interests in three areas which justify their intervention as of right: their direct interests in lands within the area of the 1837 treaty, their interests in law enforcement and public health and safety related to the consequences of the exercise of treaty rights on privately held land, and their interests in the boundaries of the Mille Lacs Indian Reservation which they claim are raised by the complaint. The counties argue that they own certain lands outright, manage and have beneficial interests in tax-forfeited lands, and receive revenues from "50/50" lands with the State—and that these interests in land would be affected by this litigation. The counties argue that their interest in law enforcement is affected because any use of private lands for exercising treaty rights creates the strong likelihood of violence, either against or by Band members, which necessitates county involvement through sheriffs and county attorneys. Finally, the counties argue that because plaintiffs seek a declaratory judgment which delineates "the restraints that the 1837 Treaty *and other applicable law*" impose on regulation of their treaty rights, Complaint at ¶ 5.1.3 (emphasis added), the reservation boundaries established in 1855 are implicated and affect the counties.

The counties have not shown that the State will not adequately represent their interests in lands. The State has extensive interests in lands in the relevant territory. The magistrate judge erroneously relied on *Planned Parenthood v. Citizens for Community Action*, 558 F.2d 861 (8th Cir. 1977), where the court held that a city and various city officials did not adequately represent the intervenor-applicants. *Planned Parenthood* was decided under the "minimal" showing of inadequate rep-

resentation because the state was not involved, *id.* at 869, not the presumption of adequate representation by the state which applies under the *parens patriae* doctrine. Here the state's interests in land and the counties' interests in land are essentially the same as they relate to the relief sought by the Band. The counties' proposed answer is virtually an identical copy of the state's answer. The counties have made no suggestion of collusion, adversity of interest or nonfeasance which might support their intervention.[2] The magistrate judge made no finding that the counties' interests in land were not adequately represented by the state.

 The counties have also not shown that the state will not adequately represent their interests in law enforcement and public health and safety. The magistrate judge made no finding that there is a likelihood of violence associated with the outcome of this case, nor that the state could not adequately represent the counties' interests in avoiding or preventing violence. The state, as well as the counties, is responsible for law enforcement and public health and safety. There has been no showing of collusion between the state and the Band, nor any adversity of interests between the state and the counties, nor any nonfeasance by the state which might justify intervention. Although there was a backdrop of concern for possible violence in *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Wisconsin*, 740 F.Supp. 1400 (W.D.Wis.1990), that court held that fear of lawless violence did not justify enjoining the Indians from exercising their treaty rights. Lawless violence does not determine the extent of lawful treaty rights. There has been no showing that the state will not adequately represent the counties' interests in lawful public order.

 Finally, the counties have also not shown that the state will not adequately represent their interests in reservation

---

2. The counties note that the state has told them that it will not specifically represent their interests in this matter. This is not dispositive because in representing its own interests, the state

adequately protects the counties. *Cf. Wade v. Goldschmidt, supra*, 673 F.2d at 184 n. 3 (not dispositive that defendants do not object to intervention).

boundary issues. The Band contends that the boundary issues are not implicated or involved in this case. Even if they are involved, the state and the counties take the same position here with regard to reservation boundaries. Moreover, only Congress can diminish reservation boundaries. *United States v. Grey Bear*, 828 F.2d 1286, 1289 (8th Cir.1987), *cert. denied*, 493 U.S. 1047, 110 S.Ct. 846, 107 L.Ed.2d 840 (1990). There has been no showing that the state will not adequately litigate the question of reservation boundaries; the counties have no interest adverse to that of the state, nor have they shown collusion or nonfeasance on this issue. The magistrate judge made no finding in this regard.

The counties have not established an essential element of their right to intervene under Rule 24(a), and the order of the magistrate judge granting intervention as of right should be reversed. Although, the counties do not have intervenor status, they may apply to file an *amicus* brief if during the litigation they believe supplemental legal discussion would assist the court.

### ORDER

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that the magistrate judge's order granting the intervenor-applicants' motion to intervene is reversed, and the motion is denied.