**MILLE LACS BAND OF CHIPPEWA INDIANS, Arthur Gahbow, Walter Sutton, Carleen Benjamin, and Joseph Dunkley, Plaintiffs,**

v.

and

**John W. Thompson, Jenny Thompson, Joseph N. Karpen, LeRoy Burling, Glenn E. Thompson, and Gary M. Kiedrowski, and the Counties of Aitkin, Benton, Chisago, Crow Wing, Isanti, Kanabec, Mille Lacs, Morrison, and Pine, Defendants–Intervenors.**

Civ. No. 4–90–605.

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 16, 1993.

Anita P. Fineday, James Franklin Pence, James M. Genia, Mille Lacs Band of Ojibwe, Onamia, MN, Marc D. Slonim, John B. Arum, Ziontz Chestnut Varnell Berley & Slonim, Seattle, WA, for Mille Lacs Band of Chippewa Indians, Arthur Gahbow, Walter Sutton, Carleen Benjamin and Joseph Dunkley.

James M. Johnson, Johnson Law Office, Olympia, WA, Jeffry Robert Chaffee, Jennifer Ann Fahey, Joint Powers Bd., Mora, MN, for Aitkin County.

William Arthur Szotkowski, Stephen Bruce Masten, Jerilyn K. Aune, Spec. Asst. Atty. Gen., Michelle E. Beeman, MN Atty. Gen., St. Paul, MN, for State of Minnesota.

Lawrence A.G. Moloney, Gregg J. Tucek, Doherty Rumble & Butler, Gary E. Persian, Stephen G. Froehle, Persian MacGregor & Thompson, Minneapolis, MN, for Save Lake Mille Lacs Ass'n and John W. Thompson.

Gary M. Kiedrowski, pro se.

George Cardinal, pro se.

Zenas Baer, Wefald & Baer, Hawley, MN, for Hanks and Chief Hole in the Day VII.

Robert Michael Small, U.S. Atty. Office, Minneapolis, MN, William A. White, Sheila A. Hackett, U.S. Dept. of Justice, Indian Resources Section, Washington, DC, for U.S.

### ORDER

DIANA E. MURPHY, Chief Judge.

The Save Lake Mille Lacs Association (SLMLA) appeals the October 22, 1993 order of United States Magistrate Judge Jonathan Lebedoff denying its motion to intervene in this action. Defendants the State of Minnesota, Minnesota Department of Natural Resources, and Rod Sando, Commissioner of Natural Resources (the State) and plaintiffs the Mille Lacs Band of Chippewa Indians (the Band), Arthur Gahbow, Walter Sutton, Carleen Benjamin, and Joseph Dunkley oppose the appeal and have filed written position papers. The Counties support SLMLA's appeal and have filed a letter in support of the appeal.

SLMLA was formed in 1992 to represent individuals, landowners, businesses, and landowner, hunting and fishing associations that believed their interests would be affected by this action. SLMLA's goal is to ensure the preservation of fishing and hunting resources in the ceded areas of Minnesota, including the Lake Mille Lacs area. SLMLA represents approximately ninety separate organizations. No individual members are listed on the membership roster included in the exhibits submitted to Magistrate Judge Lebedoff, but SLMLA asserts that several members own land within the ceded territory.

The parties entered into a stipulation to allow SLMLA to appear as *amicus curiae*. On September 2, 1992, Magistrate Judge Lebedoff issued an order permitting SLMLA this appearance.

The magistrate judge concluded that SLMLA did not have a right to intervene. He found that SLMLA did not have any legally protectable interest in the subject matter of the litigation, that the Landowners adequately represent the interests of SLMLA members who own land in the ceded territory, and that the State adequately represents any interests in hunting, fishing, and riparian rights asserted by the SLMLA members. The magistrate judge also concluded that SLMLA should not be allowed to intervene under Fed.R.Civ.P. 24(b)(2) because SLMLA would not assert any defenses not asserted by the States, the Counties, and the Landowners.

SLMLA argues that its members have legally protectable interests in the litigation. It asserts that SLMLA members who own property in the ceded territory have property interests in their hunting, fishing, and riparian rights. It contends that SLMLA's interests are not adequately represented by any other party. It asserts that the State's interests diverge from the interests of SLMLA members as demonstrated by the proposed settlement between the plaintiffs and the State which would have created an exclusive fishing zone on a portion of Lake Mille Lacs.[1] It contends that the Landowners are too concerned with property values to represent SLMLA interests in hunting and fishing rights. It asserts that counsel's motion to withdraw from the representation of one landowner, Gary Kiedrowski who is also treasurer of SLMLA, indicates that there is a conflict between the Landowners and SLMLA.

The State responds that SLMLA does not have any separate legally protectable interests in this suit. It contends that the Landowners adequately represent the rights of any SLMLA members who own land in the ceded territory and that the State adequately represents the interests of SLMLA members who assert hunting and fishing interests.

The plaintiffs argue that the magistrate judge properly denied SLMLA's motion to intervene. They assert that SLMLA members do not have any hunting and fishing rights in the ceded territory and that the State adequately represents any interest in hunting and fishing opportunities. They argue that the Ninth Circuit has recognized standards which, when applied here, would support affirmance even though the opinion relied on by the magistrate judge was reversed. *United States v. Washington,* Case

---

1. The proposed settlement was not approved by the Legislature; it is no longer pending.

No. 9213, Subproceeding # 89–3, *rev'd* 9 F.3d 1555 (9th Cir.1993) (unpublished).

A timely motion to intervene as of right should be granted if the proposed intervenor has a recognized interest in the subject matter of the litigation that might be impaired by the disposition of the litigation, and the interest is not adequately protected by the existing parties. *Mille Lacs Band of Indians v. State of Minnesota*, 989 F.2d 994 (8th Cir.1993). The interest identified by the applicant "must be more than peripheral or insubstantial; the applicant must assert a 'significantly protectable interest.'" *Planned Parenthood v. Citizens for Community Action*, 558 F.2d 861, 869 (8th Cir.1977), quoting *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). SLMLA's motion was timely filed on August 10, 1993.

The magistrate judge properly concluded that SLMLA has not demonstrated a "significantly protectable interest" in this litigation. SLMLA asserts that its members who own land in the ceded territory have hunting, fishing, and riparian rights and that these rights form a protectable interest.[2] As the magistrate judge noted, SLMLA does not itself own property in the ceded territory. Only some of its members do own such property. In fact, most SLMLA members are organizations, and there are few individual members.

A landowner has "a qualified interest in that it is he who has the exclusive right to reduce game to possession." *Minnesota Valley Gun Club v. Northern Corp.*, 207 Minn. 126, 290 N.W. 222, 224 (1940). That right is subject to regulation of hunting and fishing by the Minnesota Department of Natural Resources (DNR), however, and is not a protectable legal interest. The State holds wild fish and game "in its sovereign capacity for the benefit of all the people of the state ... [and a] person may not acquire a property right in wild animals, or destroy them,

unless authorized under the game and fish laws or sections 84.09 to 84.15." Minn.Stat. § 97A.025. The Commissioner of the DNR must "preserve, protect, and propagate desirable species of wild animals," but shall also "make special provisions for the management of fish and wildlife to insure recreational opportunities for anglers and hunters." Minn.Stat. § 97A.045, subd. 1. State citizens are therefore not allowed to hunt or fish except as provided by the DNR.

A riparian owner:

has a right to make such use of the lake over its entire surface, in common with all other abutting owners, provided such use is reasonable and does not unduly interfere with the exercise of similar rights on the part of other abutting owners.

*Johnson v. Seifert*, 257 Minn. 159, 100 N.W.2d 689, 697 (1960). Any fishing rights derived from riparian rights for fishing of course are also dependent on the DNR.

Even if SLMLA had asserted a protectable legal interest in hunting and fishing opportunities, its interests are adequately represented by the State. Under the *parens patriae* doctrine, "a state that is a party to a suit involving a matter of sovereign interest is presumed to represent the interests of all its citizens." *Environmental Defense Fund, Inc. v. Higginson*, 631 F.2d 738, 740 (D.C.Cir.1979) (per curiam). The Court of Appeals stated that the Counties and Landowners were asserting interests more narrow and parochial than the state's sovereign interest in protecting fish and game. *Mille Lacs* at 1001. The Counties and Landowners have interests in the value of their land, however, and SLMLA does not assert an interest in property values. In fact, SLMLA asserts that the Landowners do not adequately represent its interests because they are more concerned with property rights than with the fishing and hunting rights asserted by SLMLA. The interests SLMLA has in hunting and fishing rights are not

---

2. In SLMLA's memorandum in support of its appeal, SLMLA states that it "has focused on the hunting and fishing rights, and riparian rights, associated with property ownership." On appeal, SLMLA does not assert that it is trying to protect property values or other interests of its

members who own land in the ceded territory. To the extent that SLMLA might try to protect other interests arising from ownership of property within the ceded territory, it appears that the Landowners adequately represent those interests.

narrow and parochial; they extend to those of the State. The State is therefore an adequate representative.

 SLMLA also argues that it should be allowed permissive intervention. A party may be allowed to intervene when its claim or defense and the main action have a common question of law or fact. Fed.R.Civ.P. 24(b). "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R.Civ.P. 24(b).

SLMLA argues that it will raise affirmative defenses not raised by any other party, but it does not state which of its defenses are unique. The intervention of SLMLA would not present any new issues, but it could further delay the conduct of this case and would not present any new issues. As the magistrate judge noted:

> It is very easy to see what are the arguments against intervention where, as here, the intervenor merely underlines issues of law already raised by the primary parties. Additional parties always take additional time. Even if they have not witnesses of their own, they are the source of additional questions, briefs, arguments, motions and the like which tend to make the proceedings into a Donnybrook Fair. Where [the applicant for intervention] presents no new questions, a third party can contribute most expeditiously by a brief amicus curiae and not by intervention.

British Airways Board v. Port Authority, 71 F.R.D. 583, 585 (S.D.N.Y.) aff'd, 556 F.2d 554 (2d Cir.1976). This is a complex case which has been developing over a long period of time and SLMLA will contribute most effectively and expeditiously by continuing as amicus.

Since the magistrate judge's order was neither clearly erroneous nor contrary to law, it should be affirmed. 28 U.S.C. § 636(b)(1)(A).

### ORDER

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that the October 21, 1993 order of United States Magistrate Judge Jonathan Lebedoff is affirmed.